In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 20-3109

ANTHONY LLOYD MURRY,

*Petitioner,*

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent.*

———————————

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A098-126-854

———————————

SUBMITTED OCTOBER 5, 2021 — DECIDED OCTOBER 7, 2021

———————————

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges.*

PER CURIAM. Anthony Lloyd Murry, a Jamaican citizen, petitions for review of an order of the Board of Immigration Appeals denying him relief from removal. Murry fears that private citizens may confront him, a gay man, about his sexual orientation or the government may punish him for violating Jamaica's anti-sodomy laws. But Jamaica rarely enforces its anti-sodomy laws for consensual sexual relations, and

recent reports show growing public support for gay rights. Because substantial evidence supports the Board's decision that Murry does not face a likelihood of state-sanctioned persecution, we deny Murry's petition.

## I.   BACKGROUND

Murry has lived in the United States for 16 years. He entered in 2005 as the fiancé of a United States citizen, whom he married one month later. Murry eventually applied for permanent residence based on the marriage, but the United States Citizenship and Immigration Services denied the application in 2011. The government then started removal proceedings. In the decade since, Murry has remained in the United States without authorization.

At his removal hearing, Murry sought relief based on his sexual orientation—he testified that he has been attracted to men since he was a teenager in Jamaica in the 1980s. Murry said that he was attacked once, in 2004, after a man publicly called him gay and urged bystanders to shun him. Five men then hit and kicked Murry, who was bruised; fearing repercussions, he did not seek medical care or ask the police for help.

The immigration judge also considered evidence about how the treatment of gay people in Jamaica has evolved among private and public actors since 2004. Historically, most of Jamaican society has been homophobic: news articles describe demonstrations against gay rights and the murders of two gay activists; two news reports, over a decade old, describe some Jamaican police officers harming or refusing to help the victims of anti-gay violence; and sex between men remains illegal. But attitudes are changing. According to a

recent report that Murry himself submitted, the government rarely enforces its anti-sodomy laws for consensual sex, and a major newspaper has called for the repeal of these laws. Another article reports that Jamaican police officers have protected gay people from violence; similarly, Jamaica's public defender has called for prosecution of homophobic attackers. In addition, prominent government officials have endorsed gay rights. Jamaica's former prime minister, for example, publicly advocated for representation in government of members of the gay and lesbian communities. And a former mayor participated in a gay pride celebration, affirming that she was accountable to gay and lesbian residents.

After reviewing this evidence, the IJ denied Murry relief from removal. As relevant to the issues that he raises on appeal, the IJ first ruled that Murry was ineligible for withholding of removal. The IJ reasoned that the private attack on Murry in 2004 did not demonstrate state-sanctioned past persecution, and the other evidence of the country's conditions did not show a clear probability of future persecution. Second, the IJ found Murry ineligible for protection under the Convention Against Torture because he did not demonstrate a substantial risk of torture in Jamaica by or with the consent of the Jamaican government. The Board of Immigration Appeals adopted and affirmed the IJ's findings, and it dismissed Murry's appeal.

## II. ANALYSIS

On appeal, Murry first contends that the IJ should have granted him the relief of withholding of removal. To receive this relief from the IJ, Murry needed to prove that his "life or freedom would be threatened in [Jamaica] because of [his] race, religion, nationality, membership in a particular social

group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To demonstrate that his "life or freedom would be threatened," Murry had to show either past persecution in Jamaica on account of his identity as a gay man, or a "clear probability" of future persecution on the same ground. *Garcia-Arce v. Barr*, 946 F.3d 371, 377 (7th Cir. 2019).

In challenging the agency's decision, Murry faces an uphill battle. He argues that the attack on him in 2004 shows past persecution, and news reports of homophobic incidents in the past, plus Jamaica's anti-sodomy laws, show a risk of future persecution. But this court reviews for substantial evidence the agency's adverse findings that Murry did not suffer and will not likely suffer persecution. That is, this court must accept those findings unless the evidence compels otherwise. *Chuchman v. Garland*, 4 F.4th 483, 486 (7th Cir. 2021).

For two reasons, the evidence does not compel the conclusion that Murry established past persecution based on the incident in 2004. First, persecution requires the use of "significant physical force." *Stanojkova v. Holder*, 645 F.3d 943, 948 (7th Cir. 2011). But because Murry received only bruises from the attack in 2004, the record did not require a finding that the attackers used such force. *See Tsegmed v. Sessions*, 859 F.3d 480, 485 (7th Cir. 2017) (ruling evidence of petitioner's arrest, including three punches to the face and denial of food, did not compel a conclusion of persecution). Second, even if this incident did involve "significant physical force," Murry needed to show government complicity. *See Bitsin v. Holder*, 719 F.3d 619, 628 (7th Cir. 2013). But his failure to tell the authorities about the attack justified the IJ's finding that the government was not complicit in or unwilling to respond to it.

Similarly, the record does not compel a finding that in the future Jamaica will persecute gay men generally or single out Murry individually for his sexual orientation. *See* 8 C.F.R. § 208.16(b)(2). Murry cites anecdotal reports of past homophobic violence, but these reports principally involve private attacks, not state-sanctioned efforts to target gay men. *See Halim v. Holder*, 755 F.3d 506, 512 (7th Cir. 2014). And the older reports of some police officers allowing or participating in attacks do not compel a finding of state-sponsored homophobia. They are amply counterbalanced by other reports of officers protecting gay men from violence and the more recent reports of increasing public acceptance of gay rights, including among government officials. This evidence sufficiently supports the IJ's finding that future state-based persecution is speculative. Murry's concern that Jamaica's anti-sodomy laws are still on the books does not change this conclusion because he does not dispute that these laws are rarely used to prosecute consensual sexual relations. He also worries that if he returns to Jamaica he might face private attacks from family or friends. But apart from the private nature of these feared attacks, Murry never suggested, as he must under 8 C.F.R. § 208.16(b)(3)(iii), that if he returns to Jamaica he could not reasonably relocate to avoid these people.

For similar reasons, the IJ's ruling that Murry failed to qualify for relief under the Convention Against Torture is sound. To qualify for protection under the Convention, Murry needed to show that he would more likely than not be tortured if removed. *Bernard v. Sessions*, 881 F. 3d 1042, 1047 (7th Cir. 2018); 8 C.F.R. § 208.16(c)(2). Torture is the intentional infliction of "severe pain or suffering, whether physical or mental," at the hands of, or acquiescence of, a "public official acting in an official capacity … ." 8 C.F.R. § 208.18(a)(1).

But conduct that is not persecution under the Immigration and Nationality Act cannot amount to torture under the Convention. *See Bathula v. Holder*, 723 F.3d 889, 904 (7th Cir. 2013). Because Murry relies on the same evidence for his claim about torture as for his claim about withholding of removal, the IJ's denial of relief was proper.

### III.    CONCLUSION

We therefore DENY Murry's petition for review.